IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BUYERS PRODUCTS COMPANY<br><br>Plaintiff<br><br>vs.<br><br>CURT MANUFACTURING LLC<br><br>Defendant | COMPLAINT<br>Jury Demanded<br>Civil Action No. 16cv220 |

**THE PARTIES**

1. Plaintiff, Buyers Products Company ("Buyers"), is an Ohio corporation having a business address at 9049 Tyler Boulevard, Mentor, Ohio 44060.

2. On information and belief, Curt Manufacturing LLC ("Curt") is a Delaware limited liability corporation, with a principal place of business at 6208 Industrial Drive, Eau Claire, Wisconsin 54701. Curt has appointed C T Corporation System, 8020 Excelsior Dr., Ste. 200, Madison, WI 53717, as a registered agent for service in the State of Wisconsin.

3. As set out more fully hereinafter, on information and belief, Curt directly and/or indirectly infringes claims of U.S. Patent No. 6,139,043 (the "043 Patent"), owned by Buyers, by manufacturing, using, selling and offering for sale pintle hitch assemblies, including model number 48004, 48005, 48006 and 48007, and similar devices of whatever current model name or number ("Accused Products"), and/or by causing others to do so with knowledge of the 043 Patent and knowledge that that the actions of others infringe claims of the 043 Patent.

## JURISDICTION AND VENUE

4. This action is brought pursuant to Title 35 of the United States Code, Sections 271, 281, 283, 284 and 285.

5. Upon information and belief, Curt has a principal place of business in the Western District of Wisconsin, has a registered agent for service in the Western District of Wisconsin, has been and is doing business in the Western District of Wisconsin, has purposefully availed itself of the privilege of conducting activities within the Western District of Wisconsin, and thereby has established minimum contacts with the Western District of Wisconsin such that it should reasonably and fairly anticipate being sued in the Western District of Wisconsin. Further, at least a portion of the patent infringement claim alleged herein arises out of or is related to one or more of the foregoing activities.

6. Venue of this matter, and the personal and subject matter jurisdiction of this Court, is conferred by Title 28 of the United States Code, Sections 1338(a), 1391(c) and 1400(b).

## RELEVANT FACTS

7. The 043 Patent, entitled "One-Piece Pintle Hitch" was issued by the United States Patent and Trademark Office on October 31, 2000, naming Thomas A. Gries and Mark J. Saltzman, both employees at the time of Buyers, as inventors. Messrs. Gries and Saltzman have assigned their rights in the 043 Patent to Buyers, and Buyers is the sole owner of the 043 Patent. A copy of the 043 Patent is attached to this Complaint as Exhibit A.

8. Buyers has never granted any right to Curt to make, use, sell, offer for sale, or import into the United States, any device covered by claims of the 043 Patent, and Curt has no right to do so.

9. The 043 Patent describes an invention directed to a one-piece pintle hitch utilizing an integral drawbar that may be engaged with a conventional receiver assembly such as installed

along the underside of a vehicle. Figure 1 from the 043 Patent, set out below, depicts an elevational view of a first preferred embodiment of the pintle hitch assembly according the invention of the 043 Patent:



FIG. 1

10. Defendant Curt manufactures, uses, sells and offers for sale the Accused Products, including but not limited to model 48004, depicted below:



11.     Buyers manufactures, offers for sale and sells, pintle hooks incorporating features protected by claims of the 043 Patent (the "Covered Products"), including but not limited to Buyers' RM5P 5-Ton Pintle Hook with Integral Receiver Shank, as depicted below:



12. Buyers marks the Covered Products with the 043 Patent pursuant to 35 U.S.C. § 287(a).

13. Upon information and belief, Curt has been, and is infringing, and/or is inducing others to infringe, and/or is contributing to the infringement by others of, claims of the 043 Patent, including but not limited to Claim 9 thereof, by manufacturing, using, selling and offering for sale the Accused Products, and/or by causing others to do so with knowledge of the 043 Patent and knowledge that the actions of others infringe claims of the 043 Patent.

14. On information and belief, Curt has had specific knowledge of the 043 Patent, and has had specific knowledge that its actions infringe claims of the 043 Patent, including by having received on or about January 25, 2016, a copy of the Patent and a detailed statement of the way in which its actions infringe claims of the Patent.

15. By its wrongful activity, described above, Curt has caused and is causing monetary injury to Buyers through Buyers' loss of the sale of its own pintle hook products.

16. By its wrongful activity, described above, Curt also has caused and is causing Buyers irreparable damage that is not compensable monetarily, including but not limited to the loss of good will Buyers has gained through the marketing of its novel pintle hook technology, and will continue to do so unless enjoined from that activity by this Court.

17. Curt's wrongful activity, described above, is intentional, willful and exceptional, and Buyers is entitled to an increase in its compensatory monetary award in this matter pursuant to 35 U.S.C. § 284, and to an award of its reasonable attorney fees and costs, pursuant to 35 U.S.C. § 285.

## RELIEF REQUESTED

WHEREFORE, Buyers requests the following relief:

A. The judgment of this Court that the 043 Patent is infringed by Curt.

B.   The judgment of this Court enjoining Curt, its officers, directors, agents, employees, successors and assigns, and all those acting in concert therewith, from manufacturing, using, selling, offering for sale, and importing into the United States, the Accused Products, and any other product not colorably distinct from the Accused Products as to the features thereof covered by the 043 Patent, both preliminarily during the pendency of this action and permanently thereafter.

C.   The judgment of this Court for monetary damages awarded to Buyers against Curt, fully and fairly compensating Buyers for the wrongful actions of Curt as set out above.

D.   The judgment of this Court for an accounting of the manufacture, use, sale, offer for sale, or importation into the United States of the Accused Products, and a monetary award for any such Accused Products not otherwise included in the judgment of the Court entered upon a jury verdict in this case.

E.   The judgment of this Court, should the Court determine not to enjoin the actions of Curt, for a reasonable ongoing royalty to be paid by Curt to Buyers for each manufacture, use, sale, offer for sale or importation into the United States, of Accused Products subsequent to the judgment of this Court that the 043 Patent is infringed by Curt.

F.   The judgment of this Court awarding attorneys' fees and costs for this action in favor of Buyers and against Curt pursuant to 35 U.S.C. § 284.

G.   The judgment of this Court increasing any and all monetary awards in this matter to Buyers pursuant to 35 U.S.C. § 285.

H.   The judgment of this Court awarding such other and further relief, at law or in equity, as this Court may deem appropriate.

Buyers herewith requests that all issues in this matter that may be tried to a jury be tried to a jury.

____/s/ Andrew J. Clarkowski_____
Andrew J. Clarkowski
Michael J. Modl
AXLEY BRYNELSON, LLP
2 East Mifflin Street, Suite 200
PO Box 1767
Madison, WI 53701
(608) 257-5661
(608) 257-5444 (fax)
aclarkowski@axley.com
mmodl@axley.com

Thomas H. Shunk
Christina J. Moser
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214
(216) 621-0200
(216) 696-0740 (fax)
tshunk@bakerlaw.com
cmoser@bakerlaw.com
