IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BUYERS PRODUCTS COMPANY,

                  Plaintiff,

v.

CURT MANUFACTURING LLC,

                  Defendant.

OPINION AND ORDER

16-cv-220-wmc

---

Plaintiff Buyers Products Company brings suit alleging that certain of defendant CURT Manufacturing's products infringe its U.S. Patent No. 6,139,043 ("'043 patent"). (Dkt #1.) In response, CURT moves to dismiss Buyers' complaint for failure to state a claim upon which relief can be granted. (Dkt. #8.) Specifically, CURT argues that each claim of the '043 patent requires a "neck having an upper and lower strengthening member and intermediate connecting portion," while defendant's accused products have no literal or equivalent "neck" structures or "upper strengthening members." (Def.'s Opening Br. (dkt. #9) 1.) Whatever merit there may be in this argument, CURT has chosen the wrong vehicle to bring it. Indeed, defendant's motion to dismiss both: (1) depends on documents not incorporated by reference in Buyers' complaint *and* (2) would require claim construction without discovery or expert testimony. Since either defect is fatal to the motion, the court will deny it without prejudice to defendant raising the same arguments in a motion for claims construction and summary judgment.

BACKGROUND

The '043 patent, entitled "One-Piece Pintle Hitch," was issued to Thomas A. Gries and Mark J. Saltzman on October 31, 2000, then subsequently assigned to plaintiff

Buyers. (Compl. (dkt. #1) ¶ 7.) The invention described by the '043 patent details "a one-piece pintle hitch utilizing an integral drawbar that may be engaged with a conventional receiver assembly such as installed along the underside of a vehicle." (*Id.* at ¶ 8.) Defendant CURT manufactures and sells competing pintle hitch assemblies, including model numbers 48004, 48005, 48006, 48007 and other similar devices (hereinafter "the Accused Products"). (*Id.* at ¶ 3.)

The patent contains twenty claims, but the complaint expressly calls out claim nine, which reads as follows:

> 9. A pintle hitch comprising:
>
> a longitudinal bar member having a non-cylindrical configuration and further having a distal end, a proximal end, a first side extending between said distal end and said proximal end, and a second side opposite from said first side and also extending between said distal end and said proximal end; and
>
> a pintle hook and latch assembly disposed at said distal end of said bar member, said pintle hook being integral with and nonseparable from said distal end of said bar member by a neck having an upper and lower strengthening member and intermediate connecting portion, said latch being pivotally movable with respect to said pintle hook;
>
> wherein said bar defines a first narrowed region along said first side of said bar and a second narrowed region along said second side of said bar, thereby imparting a non-circular cross section to said bar along said first and second narrowed regions, and said proximal end of said bar is adapted to engage a receiver assembly.

(Pl.'s Ex. 1 ('043 Patent) (dkt. #1-1) 16.)

Buyers asserts that "[CURT] has been, and is infringing, and/or is inducing others to infringe, and/or is contributing to the infringement of others of, claims of the '043

patent including but not limited to claim 9 thereof, by manufacturing, using, selling and offering for sale the Accused Products, and or by causing others to do so with knowledge of the '043 patent and knowledge of the actions of others infringe claims of the '043 patent." (*Id*. at ¶ 13.) In its motion to dismiss, CURT contends that its Accused Products cannot infringe because they do not contain a "neck" having an "upper strengthening member" above an "intermediate connecting portion" as described in claim 9 of the '043 patent. (Def.'s Opening Br. (dkt. #9) 1.) As such, CURT argues that Buyers' Complaint must be dismissed for failing to state a claim for patent infringement. Buyers objects to CURT's motion as procedurally inappropriate, insufficiently supported, and legally in error.

OPINION

Federal Rules of Civil Procedure 8 requires that the plaintiff make a "short a plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In effect, this means that the complaint must indicate "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. When "[e]valuating the sufficiency of the complaint, [the court] construes it in the light most favorable to the non-moving party, accept[s] well-[pled] facts as true,

and draw[s] all inferences in [the plaintiff's] favor." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013).

A motion to dismiss under Rule 12(b)(6) is designed to test the complaint's legal sufficiency. *See* Fed. R. Civ. P. 12(b)(6). Dismissal is only warranted if no recourse could be granted under any set of facts consistent with the allegations. *Twombly*, 550 U.S. at 563; *Iqbal*, 556 U.S. at 662. But, as this court has held, the motion to dismiss phase of the proceedings "is not an opportunity for the court to find facts or weigh evidence." *My Health, Inc. v. Gen. Elec. Co.*, No. 15-CV-80-JDP, 2015 WL 9474293, at *2 (W.D. Wis. Dec. 28, 2015). Despite this, CURT attempts effectively to transform its motion to dismiss into a motion for summary judgment by improperly requesting that the court (1) review documents not included in the complaint and (2) engage in claim construction of the '043 patent before discovery or the input of experts.

In asserting that Buyers' complaint does not state a claim for patent infringement, CURT directs the court to "the claims themselves, the specification, the prosecution of the Patent-in-suit and related patent applications." (Def.'s Opening Br. (dkt. #9) 1.) For example, attached to CURT's motion to dismiss is a declaration that comprises 862 pages of patent prosecution history and prior art information. (Malaney Decl. (dkt. #10).) Yet none of those materials are incorporated by reference in Buyers' complaint. Moreover, CURT provides this court with an opinion from the U.S. District Court for the Northern District of Ohio, which had previously conducted claim construction of the '043 patent in an entirely different infringement suit in which Buyers sued the Wallace Forge Company. (Malaney Decl., Ex. 12 (dkt. #10-12).)

Typically, courts may not rely on materials outside the pleadings when considering a motion to dismiss without converting it into a motion for summary judgment. Fed. R. Civ. P. 12(d). There is an exception when the material in question is expressly referenced in the complaint and is central to the plaintiff's claim. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (*citing Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). The court may also consider "facts amenable to judicial notice" including documents in the public record. *My Health, Inc.*, 2015 WL 9474293, at *4. As the patent, its prosecution history and specification are publicly available, this court would have the power to consider them.

As Buyers points out, however, CURT's motion goes well beyond the typical extrinsic materials that may be considered in a motion to dismiss. Perhaps hoping to avoid this obvious conclusion, CURT's extensive declaration is not signed by a CURT employee with knowledge of the products at issue, but rather by its attorney, who oddly does not even indicate how he came about the information, much less how an attorney's signature would make such a submission any more appropriate. (Malaney Decl. (dkt. #10).) CURT also delves into the prosecution histories of other patents that Buyers has submitted, as well as prior art that was never part of the '043 application process. (*Id.*, Exs. 5-7, 9-10 (dkt. ##10-5, 10-6, 10-7, 10-9, 10-10).) CURT further submits its own mechanical drawings of Accused Product 48005. (*Id.*, Ex. 13 (dkt. #10-13).)

In response, Buyers asserts these depictions vary significantly from other publicly available drawings in CURT's product catalog. (Pl.'s Opp'n (dkt. #15) 7.) In addition, Buyers points out that CURT refuses to provide any information on Accused Products 48004, 48006, and 48007. (Def.'s Reply (dkt. #16) 10.)

Essentially, CURT's motion attempts to provide vast amounts of materials to the court without allowing Buyers the benefit of discovery to verify their authenticity and accuracy. Moreover, analysis of these materials would appear to require expert testimony from engineers, and not the lawyers for the parties in the case. As explained in *My Health, Inc.*, "this court will not take judicial notice of information established by submissions that require authentication." *My Health, Inc.*, 2015 WL 9474293, at *4. This material is only proper for the court's consideration at the summary judgment phase of these proceedings.

CURT is also asking the court to engage in claim construction at the motion to dismiss stage. Claim construction is, however, an intensive process that requires the court to determine "the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996). It requires a "thorough consideration of sources intrinsic to the claim such as the claim itself, the specification, and the prosecution history." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-18 (Fed. Cir. 2005). Although claim construction is a matter of law, the proper time for the court to address claim construction is also not by a motion to dismiss. *Yangaroo Inc. v. Destiny Media Techs. Inc.*, No. 09-C-462, 2009 WL 2836643, at *3 (E.D. Wis. Aug. 31, 2009). Instead, the Federal Circuit has "authorized district courts to rely on extrinsic evidence 'which consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises.'" *Phillips*, 415 F.3d at 1317 (quoting *Markman*, 52 F.3d at 980).

Here, a dispute obviously exists over the construction of key terms in the '043 patent claim. Buyers advances that the term "neck" means "the separate transition

region that extends between the lower jaw or hook and distal end of the bar." (Pl.'s Opp'n (dkt. #15) 14.) In contrast, CURT concludes that the "neck" described refers to "a section which is narrower than the two larger parts it connects, suggestive of a neck connecting the head and torso of an animal." (Def.'s Opening Br. (dkt. #9) 11.) Similarly convergent definitions are also proffered in regards to the term "upper strengthening member."

It may be that after additional discovery and the claim construction process, the court will make use of the information provided by CURT in construing the meanings of the disputed claims. But given that the proceedings had just begun at the time the motion was filed and Buyers had not yet been afforded an opportunity to engage in discovery or supplement the record, the court will not undertake claim construction at this early juncture, nor will it convert CURT's motion to dismiss into a motion for summary judgment. Accordingly, CURT's 12(b)(6) motion will be denied.

ORDER

IT IS ORDERED that defendant CURT Manufacturing, LLC's motion to dismiss for failure to state a claim upon which relief can be granted (dkt. #8) is DENIED.

Entered this 26th day of April, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge